IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ELLIS FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:10cv12-MEF |
| | ) | |
| TROY W. MASSEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Ellis Franklin, proceeding *pro se*, has filed a motion to proceed *in forma pauperis* in this action (Doc. # 2). It is

ORDERED that the motion is GRANTED. However, upon review of the complaint, the court concludes that dismissal of this action prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

Plaintiff brings claims against attorney Troy Massey and the law firm of Jemison & Mendelsohn. He alleges that he hired Massey to represent him in a personal injury action against Greyhound Bus Lines and that on May 2, 2006, at the Jemison & Mendelsohn office, Massey settled plaintiff's claim outside of plaintiff's presence and without plaintiff's consent. He further alleges:

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

> Mr Troy Massey and his associates made a settlement with Greyhound Bus Lines later. I Mr Franklin were not there, and no attorney can deny the rights of a client of disagreement. Mr Franking state NO to Mr Troy Massey and his associates. Mr. Troy informed Mr. Franklin if he did not sign. that he would not represent him in court,
>
> Misrepresentation, Harassing, Conspiracy, Fraud, Drama, dishonest. Discrimination Base on race, Disability Act. Retaliation

(Complaint, p. 2).

Despite plaintiff's use of a pre-printed form complaint which is intended for alleging a violation of constitutional rights,[2] and plaintiff's allegation of "Discrimination Base on race, Disability Act. Retaliation[,]" plaintiff's factual allegations do not even arguably raise any claims under federal race or disability discrimination laws. Accordingly, the court concludes that the allegations of the complaint do not support the exercise of federal question jurisdiction pursuant to 28 U.S.C. § 1331. See Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666-67 (1974)(test of whether federal question jurisdiction exists is whether the right claimed is "so insubstantial, implausible, foreclosed by prior decisions of [the Supreme Court] or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits"); Cf. Riley v. Fairbanks Capital Corp., 222 Fed. Appx. 897 (11th Cir. 2007)(unpublished opinion)("Although Riley listed some federal

---

[2] The pre-printed language on the form complaint includes paragraphs with the headings, "Place of alleged violation of civil rights[,]" "Date of alleged violation of civil rights[,]" and "State the facts on which you base your allegation that your constitutional rights have been violated[.]" (Complaint, ¶¶ 3-5).

statutes in the complaint's preamble and again asserted that the district court had federal question jurisdiction over her FDCPA, RESPA and TILA claims, her second amended complaint did not contain such claims or other claims 'arising under the Constitution, laws, or treaties of the United States.'").

Additionally, plaintiff does not allege a basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332. He does not allege complete diversity of citizenship, and he lists Montgomery, Alabama addresses for himself and both of the defendants. (Complaint, ¶¶ 1-2). The court is unable to discern from the allegations of the complaint any basis for exercising federal subject matter jurisdiction. Accordingly, this action is due to be dismissed for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED for lack of subject matter jurisdiction.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before January 25, 2010. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 12th day of January, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE